

William M. Jay
+1 202 346 4190
WJay@goodwinlaw.com

Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036

goodwinlaw.com
+1 202 346 4000

March 24, 2025

**VIA ECF**

Jarrett B. Perlow
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *Optis Cellular Technology LLC, et al. v. Apple Inc.*, Nos. 2022-1904, 2022-1925 (argument scheduled for May 9, 2025)

Dear Mr. Perlow:

I write to respond to Apple's letter regarding a stay.

As Optis previously explained in opposing Apple's prior stay request (Dkt. 49-1), the district court in 2021 entered a final, enforceable judgment—one that Apple has agreed to pay only when appellate review is complete.  Apple's appeal, pending in this Court since 2022, challenges that judgment on twenty grounds, *none* of which concerns the impact of the U.K. proceedings.  Likewise, nothing about Optis's cross-appeal turns on the U.K. proceedings.  Thus, rather than keep the case on ice as Apple requested, the Court has allowed it to be calendared for oral argument before a merits panel, which will make its own judgments about how to proceed. Dkt. 53; *see* Dkt. 37 (declining to extend prior stay).

Nothing has changed since that ruling.  In fact, things have gone exactly as Optis predicted:  The English Court of Appeal heard argument in "early to mid-2025" and a decision "could issue six to eight weeks later"—that is, mid-April to mid-May 2025, either before or shortly after this Court hears oral argument—"but it could take longer."  Dkt. 49-1 at 10.  When the English court issues a decision, the merits panel can assess any relevance at that time.

Apple's stay motion (Dkt. 44) asks this Court to defer this appeal not just until the English Court of Appeal rules, but until Optis enters into a court-determined license, based on the premises that (1) the license terms will be exactly as determined by the English court of first instance and (2) this Court will lose subject-matter jurisdiction at that point.  Optis's opposition explains (at 11-13, 16-19) why both assumptions are unjustified (and even Apple acknowledges that the forthcoming U.K. decision will have no impact on this case if Optis prevails there). Moreover, a court-determined license may not be signed before the conclusion of appellate review, which could potentially include review by the U.K. Supreme Court should either party seek and be granted permission to appeal.  This Court should not return this appeal to indefinite limbo, but should hear argument as scheduled on the twenty-plus issues briefed.


Respectfully submitted,

/s/ William M. Jay
William M. Jay

Cc: All Counsel of Record (via ECF)